UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HEIDI HAZELQUIST,<br><br>                      Plaintiff,<br><br>     v.<br><br>CITY OF RITZVILLE, OFFICER STEPHENS, OFFICER KLEWIN, PAT HULL and WASHINGTON STATE PATROL,<br><br>                      Defendants. | NO: 2:14-CV-0073-TOR<br><br>ORDER RE: MOTION FOR DISCOVERY |

BEFORE THE COURT is Plaintiff's Motion for Discovery (ECF No. 58) and Plaintiff's Motion for Reconsideration (ECF No. 59). These motions were submitted for consideration without oral argument. The Court has reviewed the briefing and the record and files herein, and is fully informed.

**BACKGROUND**

*Pro se* Plaintiff Heidi Hazelquist was granted *in forma pauperis* status and filed a complaint on March 28, 2014. ECF No. 9. Plaintiff asserts that after a

ORDER RE: MOTION FOR DISCOVERY ~ 1

traffic stop, she was falsely arrested and unlawfully imprisoned. When she was released, she claims that she was picked up by the police and restrained in a mental health facility against her will. She asserts that she was denied liberty, unlawfully imprisoned, maliciously prosecuted, defamed, and assaulted.

On December 12, 2012, this Court held a telephonic scheduling conference with the parties. ECF No. 55. The parties filed a joint status certificate and discovery plan pursuant to Federal Rule of Civil Procedure 26(f) before the conference; however, Plaintiff specifically reserved the opportunity to discuss expediting the proposed deadlines at the conference, ECF No. 46 at 3, which arguments this Court heard and considered. This Court issued its Jury Trial Scheduling Order following the conference. ECF No. 56.

In the motions presently before this Court, Plaintiff moves the Court to compel certain discovery and reconsider its scheduling order. ECF Nos. 58, 59.

**DISCUSSION**

**A. Motion for Discovery**

The Federal Rules of Civil Procedure, as well as this Court's Jury Trial Scheduling Order, govern discovery in this matter. *See* ECF No. 56 at 3-7. Pursuant to Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). In general,

> [a] party may serve on any other party a request, within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control [such as] any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form….

Fed. R. Civ. P. 34(a)(1)(A).  A request for the production of the above items must then comport with the procedural requirements of Rule 34(b), such as its requirement that a requesting party describe with "reasonable particularity each item or category of items to be inspected." *Id.* at 34(b)(1)(A).  The party to whom the request is made must then respond within 30 days, either permitting or objecting to the discovery request. *Id.* at 34(b)(2).  Unless the discovery sought is later found to be protected or privileged, the Court may, if need be, compel its production. *See* ECF No. 26(c)(2).

      Here, Plaintiff's motion to compel discovery is premature.  Plaintiff requests the following items: (1) "Radio Dispatch, Voice wsp Ritzville Adams county;" (2) "transcripts Sep 5 2011 to 5pm [Sep] 06,2011;" (3) "Details from the Adams county Sheriffs office re Stephan banishment;" (4) "Records . . . about Stephan rolling and totaling squad car in 2009;" and (5) "WSP 1229."  ECF No. 58 at 3.  Although not entirely clear from Plaintiff's Motion, it appears Plaintiff has not yet

ORDER RE: MOTION FOR DISCOVERY ~ 3

requested this discovery from Defendants. As detailed above, Plaintiff may request, with "reasonable particularity," nonprivileged and relevant items from Defendants in conformance with Rule 34's requirements and this Court's Scheduling Order. Defendants will then have opportunity to respond or object to Plaintiff's requests. This Court need not compel any discovery at this time. Accordingly, Plaintiff's Motion for Discovery (ECF No. 58) is **DENIED**.

### B. Motion for Reconsideration

After a court has established the scheduling order, Federal Rule of Civil Procedure 16 controls any modification of that order. Rule 16(b) provides that "[a] schedule [pursuant to a Rule 16(b)(1) scheduling order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Thus, to satisfy the legal standard under Rule 16(b), a plaintiff must show "good cause" for why the scheduling order should be amended. *Id.* The district court, in supervising the pretrial phase of litigation and deciding the preclusive effect of a pretrial order, has "broad discretion." *C.F. ex rel. Farnan v. Capistrano Unified School Dist.*, 654 F.3d 975, 984 (9th Cir. 2011).

Here, Plaintiff moves the Court to reconsider its Scheduling Order. Specifically, Plaintiff requests that this Court modify the trial date from November 16, 2015, to June 1, 2015. ECF No. 59 at 1. Although the Court acknowledges Plaintiff's interest in expediting the proceedings, it also must balance Defendants'

1  right to have sufficient time to prepare their defense.  Considering that this Court

2  granted Plaintiff's request to extend the deadline to amend pleadings to March 2,

3  2015, a June trial would severely prejudice Defendants.  Accordingly, because

4  Plaintiff has failed to demonstrate good cause to modify the scheduling order, her

5  Motion (ECF No. 59) is **DENIED**.

6  **ACCORDINGLY, IT IS HEREBY ORDERED:**

7      1.  Plaintiff's Motion for Discovery (ECF No. 58) is **DENIED**.

8      2.  Plaintiff's Motion for Reconsideration (ECF No. 59) is **DENIED**.

9  The District Court Executive is directed to enter this Order and provide

10  copies to the parties.

11  **DATED** January 26, 2015.



THOMAS O. RICE
United States District Judge

ORDER RE: MOTION FOR DISCOVERY ~ 5