UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HEIDI HAZELQUIST,<br><br>                    Plaintiff,<br><br>    v.<br><br>OFFICER KLEWIN,<br><br>                    Defendant. | NO: 2:14-CV-0073-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Plaintiff's Motion for Reconsideration and Motion to Amend (ECF No. 92). This matter was submitted for consideration without oral argument. Although a hearing is set for this matter on July 28, 2015, this Court finds no reason to delay its order. The Court has reviewed the briefing and the record and files herein, and is fully informed.

## BACKGROUND

Plaintiff, proceeding *pro se*, filed her Complaint in this action on March 28, 2014. In her Complaint, Plaintiff asserts that, after a traffic stop, she was

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 1

unlawfully arrested and involuntarily committed to a mental health facility. ECF No. 9.

On June 19, 2015, this Court granted Defendants Washington State Patrol and Dustin Stephan's and Defendant Patricia Hull's motions for summary judgment. ECF No. 86. Accordingly, all claims against these Defendants have been dismissed. *Id.* Defendant Klewin, who neither filed his own motion for summary judgment nor joined the moving Defendants' motions, is the only remaining defendant.

In the instant motion, Plaintiff moves for reconsideration and to amend her Complaint to add parties and claims. ECF No. 92. This Court will address each request in turn.

## DISCUSSION

**A. Motion for Reconsideration**

Federal Rule of Civil Procedure 54(b) governs reconsideration of a non-final order. An order that resolves fewer than all the claims among the parties—that is, a non-final order—"may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005). Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter, or revoke its order." *United States v.*

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 2

*Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000); *Ball v. Local 148 of Int'l Union*, 238 F.3d 427, 427 (9th Cir. 2000) (unpublished) ("Because the partial summary judgment was not a final judgment, it was subject to review at any time, and the district court did not abuse its discretion by granting reconsideration.").

As cautioned in this Court's December 12, 2014 Scheduling Order, "Motions to Reconsider are disfavored" and "must show manifest error in the prior ruling or reveal new facts or legal authority which could not have been brought to the Court's attention earlier." ECF No. 56 at 9.

Here, Plaintiff moves for reconsideration of this Court's June 19, 2015 Order Granting Motions for Summary Judgment (ECF No. 86). ECF No. 92. In support, Plaintiff asserts that this Court's decision was made on "falsified documents" and is thus "uninformed." ECF No. 92 at 1. Specifically, Plaintiff contends that Defendant Patricia Hull was unlicensed, that—although not entirely clear— the documents pertaining to her licensing were altered, and that Defendant Stephan's police report contains inaccuracies. *See id.* at 1,2,4,5. In support, Plaintiff provides several unidentified documents pertaining to Defendant Hull. *Id.* at 7-12.

Even assuming Plaintiff has explained why she could not have previously provided the Court with the documents attached to her motion, this Court finds reconsideration is not warranted here.

Regarding Defendant Hull's licensing, Defendant Hull filed with this Court a signed declaration on March 9, 2015, explaining her credentials. ECF No. 69. She attached two verifications of her credentials from the Washington State Department of Health, which cover the period from August 6, 2009, through June 22, 2014.[1] ECF Nos. 69-1; 69-2. This Court has no reason to doubt the validity of these documents. Although Plaintiff's filings have no accompanying affidavit to provide identification or verify their accuracy, they appear to corroborate Defendant Hull's previous filings regarding her credentials. *See* ECF No. 92 at 7-8, 11-12. Further, although Plaintiff asserts that the Department of Health is allowed to alter documents, she has provided no support—except her bare allegations—to substantiate such a charge.

Finally, regarding Defendant Stephan's police report, defense counsel filed a declaration in support of Defendants Stephan and WSP's Motion for Summary Judgment, attaching a copy of Defendant Stephan's police report. ECF No. 61. This Court considered this police report in conjunction with admissions contained in Plaintiff's Court filings when determining the material, undisputed facts. For instance, although she now disputes such conduct, Plaintiff's Complaint admitted that she "swerved" while driving, *see* ECF No. 3 at 2 ("As I was on the on ramp

---

[1] The events underlying the Complaint occurred in September 2011. *See* ECF No. 9.

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 4

with no oncoming traffic, I poured the coffee into another cup so it would cool. I spilled scalding coffee on my leg and that caused me to swerve."), which in turn led to Defendant Stephan conducting a traffic stop. This Court's Order did not address disputed facts not material to Plaintiff's causes of action, such as whether Plaintiff was given information about retrieving her car after her arrest. Accordingly, because Plaintiff has failed to show manifest error, present new facts or law that could not have been brought to this Court's attention earlier, or otherwise demonstrate any cause for this Court to exercise its inherent power to modify its past order, her motion for reconsideration (ECF No. 92) is **DENIED**. This Court's Order Granting Motions for Summary Judgment stands.

### B. Motion to Amend

Plaintiffs' Motion to Amend involves the applicability of Rules 15 and 16 of the Federal Rules of Civil Procedure. Rule 15(a) provides that, except in circumstances not present here, "a party may amend its pleading only with the opposing party's written consent or the court's leave," which "[t]he court should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 16(b), on the other hand, provides that "[a] schedule [pursuant to a Rule 16(b)(1) scheduling order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

When deciding a motion for leave to amend that arises after a scheduling order deadline has expired, the Court must first address Rule 16. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). To satisfy the legal standard under Rule 16(b), plaintiffs must show "good cause" for failure to amend before the time specified in the scheduling order. *Id.* When determining whether plaintiffs have demonstrated good cause, the court "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16 advisory committee's notes). However, "[i]f that party was not diligent, the inquiry should end." *Id.* The district court, in supervising the pretrial phase of litigation and deciding the preclusive effect of a pretrial order, has "broad discretion." *C.F. ex rel. Farnan v. Capistrano Unified School Dist.*, 654 F.3d 975, 984 (9th Cir. 2011).

If the party shows good cause, the court must then consider whether amendment is proper under Rule 15. *Johnson*, 975 F.2d at 608. Under Rule 15(a), leave to amend a pleading before trial should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has directed that this policy be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). In ruling upon a motion for

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 6

leave to amend, a court must consider (1) whether the moving party acted in bad faith or unduly delayed in seeking amendment, (2) whether the opposing party would be prejudiced, (3) whether an amendment would be futile, and (4) whether the movant previously amended the pleading. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). "Absent prejudice, or a strong showing of any of the remaining [factors], there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Farnan*, 654 F.3d at 985 (quoting *Eminence Capital*, 316 F.3d at 1051).

Here, this Court finds Plaintiff has failed to demonstrate good cause under Rule 16(b) to justify amendment. As a threshold matter, this Court finds that Plaintiff has not been diligent. The deadline to amend pleadings or add parties was March 2, 2015. ECF No. 56 at 3. Plaintiff has repeatedly moved for leave to file an amended complaint, which motions this Court has granted; however, Plaintiff has either withdrawn her motions or failed to file an amended complaint when prompted. *See* ECF Nos. 17 (motion to amend); 20 (order granting plaintiff's motion to amend); 21 (motion to amend); 22 (motion to withdraw complaint); 23 (order granting motion to withdraw); 44 (motion to amend); 45 (order granting motion to amend). Even considering that Plaintiff is proceeding *pro se*, she has provided no explanation why she has repeatedly failed to file an amended

complaint, despite this Court's permission to file, nor why she was unable to meet the March 2, 2015 deadline.

Even if this Court were to determine that Plaintiff demonstrated good cause, this Court finds amendment is not proper under Rule 15, despite its liberal standards. Although there is no indication that Plaintiff has moved to amend in bad faith, the following factors strongly weigh against amendment. First, Plaintiff has previously moved to amend three times, and each time her motion was granted. Although she never actually filed an amended complaint, this factor weighs against granting amendment now. Second, Plaintiff's proposed amendment is unduly delayed. As stated above, the deadline to amend pleadings was in March 2015—over four months ago—and three of the defendants have moved for, and been granted, summary judgment. Plaintiff has provided no explanation as to why she could not have presented the proposed claims and added the proposed parties at an earlier date. Finally, allowing amendment would severely prejudice Defendants, most significantly the three Defendants that have been dismissed from this case. Moreover, considering the late stage of the proceedings—the deadline for discovery and dispositive motive practice is August 10, 2015—Defendant Klewin, the only remaining defendant, would have limited opportunity to respond to Plaintiff's amendments. Taken as a whole, the factors weigh strongly against amendment. Accordingly, Plaintiff's motion to amend is **DENIED**.

**IT IS ORDERED:**

Plaintiff's Motion for Reconsideration and Motion to Amend (ECF No. 92) is **DENIED**.

The District Court Executive is directed to enter this Order and provide copies to the parties.

**DATED** July 23, 2015.

THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 9