1

2

3

4

5

UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF WASHINGTON

7

HEIDI HAZELQUIST,

8

Plaintiff,

9

v.

10

OFFICER KLEWIN,

11

Defendant.

| | |
|---|---|
| NO:  2:14-CV-0073-TOR | |
| ORDER DENYING MOTION FOR ENTRY OF FINAL JUDGMENT | |

12

13    Before the Court is Defendant Patricia A. Hull's Motion for Entry of Final

14 Judgment Pursuant to Civil Rule 54(b) (ECF No. 89).  The matter was submitted

15 for consideration without oral argument.  The Court has reviewed the motion, the

16 record, and files therein, and is fully informed.

17                                    **BACKGROUND**

18    Plaintiff, proceeding *pro se*, filed her Complaint in this action on March 28,

19 2014.  In her Complaint, Plaintiff asserts that, after a traffic stop, she was

20

ORDER DENYING MOTION FOR ENTRY OF FINAL JUDGMENT ~ 1

1  unlawfully arrested and involuntarily committed to a mental health facility.  ECF

2  No. 9.

3          On June 19, 2015, this Court granted Defendants Washington State Patrol

4  and Dustin Stephan's and Defendant Patricia Hull's motions for summary

5  judgment.  ECF No. 86.  Accordingly, all claims against these Defendants have

6  been dismissed, and these Defendants have been terminated from the caption.  *Id.*

7  Defendant Klewin, who neither filed his own motion for summary judgment nor

8  joined the moving Defendants' motions, is the only remaining defendant.

9          In the instant motion, Defendant Hull moves for entry of final judgment.

10  ECF No. 89.  Plaintiff opposes entry of final judgment.[1]  ECF No. 99.

11                                    **DISCUSSION**

12          Generally, when the Court denies all relief, the clerk of court enters final

13  judgment.  Fed. R. Civ. P. 58(b).  However, pursuant to Rule 54(b), "[w]hen an

14  action presents more than one claim for relief . . . or when multiple parties are

15  involved, the court may direct entry of a final judgment as to one or more, but

16  ─────────────
[1] Plaintiff requests that this Court first hear her pending motions for summary

17  judgment before deciding whether to enter final judgment as to Defendant Hull.

18  ECF No. 99 at 1.  However, as Defendant Hull has already been dismissed from

19  this action, Plaintiff has no existing claims upon which summary judgment can be

20  granted against Defendant Hull.  Thus, there is no need to delay this Order.

1   fewer than all, claims or parties only if the court expressly determines that there is

2   no just reason for delay."  Fed. R. Civ. P. 54(b).

3       To determine whether entry of judgment is warranted, the court must apply

4   the following two-step analysis:  First, the court must first determine whether it has

5   rendered a "final judgment;" that is, "an ultimate disposition of an individual claim

6   entered in the course of a multiple claims action."  *Wood v. GCC Bend, LLC*, 422

7   F.3d 873, 877 (9th Cir. 2005) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446

8   U.S. 1, 7 (1980)).  Second, the court must assess whether there is "any just reason

9   for delay."  *Id.* "It is left to the sound judicial discretion of the district court to

10  determine the 'appropriate time' when each final decision in a multiple claims

11  action is ready for appeal." *Id.* (quoting *Curtiss-Wright*, 446 U.S. at 8).  However,

12  such discretion must be exercised "in the interest of sound judicial administration."

13  *Id.* ("Whether a final decision on a claim is ready for appeal is a different inquiry

14  from the equities involved, for consideration of judicial administrative interests is

15  necessary to assure that application of the Rule effectively preserves the historic

16  federal policy against piecemeal appeals." (internal quotation marks omitted)); *see*

17  *also Curtiss-Wright*, 446 U.S. at 8 ("Not all final judgments on individual claims

18  should be immediately appealable, even if they are in some sense separable from

19  the remaining unresolved claims.").  The Ninth Circuit looks upon piecemeal

20  appeals with disfavor.  *Wood*, 422 F.3d at 882; *McIntyre v. United States*, 789 F.2d

ORDER DENYING MOTION FOR ENTRY OF FINAL JUDGMENT ~ 3

1  1408, 1410 (9th Cir. 1986) ("We particularly scrutinize a district judge's rule 54(b)

2  certification . . . to 'prevent piecemeal appeals in cases which should be reviewed

3  only as single units.").

4          Defendant Hull asserts that entry of final judgment is appropriate here.  In

5  support, she notes that this Court has granted summary judgment in her favor and

6  dismissed her from the case.  ECF No. 89 at 2.  Further, the claims against

7  Defendant Hull, which arise from her decision to commit Plaintiff to a mental

8  facility, are unrelated to the only remaining claims against Defendant Klewin.  *Id.*

9  at 3.  Finally, Defendant Hull asserts that entry of final judgment is appropriate

10 because the timeline for resolution of the remaining claims is uncertain and there is

11 no reason for Defendant Hull to remain in the case until final resolution.  *Id.*

12         This Court finds entry of final judgment is not warranted here.  There can be

13 no dispute that the Court has issued an "ultimate disposition" on all claims against

14 Defendant Hull.  In its Order Granting Motions for Summary Judgment, this Court

15 dismissed all claims against Defendant Hull and terminated her from the caption.

16 ECF No. 86 at 23.  However, this Court finds delaying entry of judgment until all

17 claims are resolved comports with the interests of sound judicial administration.

18 Although Defendant Hull characterizes the timeline for resolution of this case as

19 uncertain, this Court's scheduling order shows otherwise.  The deadline for

20 dispositive motion practice is August 17, 2015, ECF No. 56 at 7, less than a week

away.  Further, trial for this matter is set to commence on November 16, 2015, *id.* at 14, approximately three months from now, and as there is only one remaining Defendant, this Court does not anticipate a lengthy proceeding.   Finally, although the claims against Defendant Hull and the other defendants may differ, the allegations that give rise to all claims within Plaintiff's Complaint arise from the same series of events and thus some overlap in the facts is expected.

Thus, in recognition of the Ninth Circuit's demanding caseload and disinclination to hear piecemeal appeals, *see Wood*, 422 F.3d at 882 ("[The Circuit] cannot afford the luxury of reviewing the same set of facts in a routine case more than once without a seriously important reason."), this Court finds entry of final judgment before resolution of all remaining claims is not warranted here. Accordingly, Defendant Hull's Motion (ECF No. 89) is **DENIED**.

**IT IS ORDERED:**

Defendant Patricia A. Hull's Motion for Entry of Final Judgment Pursuant to Civil Rule 54(b) (ECF No. 89) is **DENIED.**

The District Court Executive is directed to enter this Order and provide copies to the parties.

**DATED** August 11, 2015.

THOMAS O. RICE
United States District Judge