1
2
3
4
5

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

6

7   HEIDI HAZELQUIST,

8                              Plaintiff,

9        v.

10  OFFICER KLEWIN,

11                             Defendant.

NO:  2:14-CV-0073-TOR

ORDER RE: MOTIONS FOR
SUMMARY JUDGMENT

12

13       BEFORE THE COURT are the following motions: (1) Plaintiff's Motions

14  for Summary Judgment (ECF Nos. 93, 96); (2) Plaintiff's Motion for

15  Reconsideration (ECF No. 101); (3) Defendant Klewin's Motion for Summary

16  Judgment (ECF No. 103); (4) Plaintiff's Motions to Amend (ECF Nos. 104, 106,

17  114, 115); (5) Plaintiff's Motion for Miscellaneous Relief (ECF No. 105); and (6)

18  Plaintiff's Motion to Compel (ECF No. 113).  Docket numbers 93, 96, 103, 104,

19  106, and 105 were heard with oral argument on September 28, 2015; docket

20  numbers 101, 113, 114, and 115 were submitted for consideration without oral

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~ 1

argument and seek similar, if not identical, relief.  Plaintiff Heidi Hazelquist

appeared *pro se*.  Brian Christensen appeared on behalf of Defendant Klewin.

Timothy Nault appeared on behalf of dismissed-Defendant Pat Hull.  Amy

Clemmons appeared telephonically on behalf of dismissed-Defendants Washington

State Patrol and Dustin Stephan.  The Court has reviewed the briefing, the record,

and files therein; heard from Plaintiff and counsel; and is fully informed.

## BACKGROUND

Plaintiff, proceeding *pro se*,[1] filed her Complaint in this action on March 28,

2014.  In her Complaint, Plaintiff asserts that, after a traffic stop, she was, *inter

alia*, unlawfully arrested, assaulted, and involuntarily committed to a mental health

facility.  ECF No. 9.

On June 19, 2015, this Court granted Defendants Washington State Patrol

and Dustin Stephan's and Defendant Patricia Hull's motions for summary

judgment.  ECF No. 86.  Accordingly, all claims against these Defendants have

---

[1] For a short time, Plaintiff was represented by Attorney Richard Wall, who filed

briefs in response to Defendants Washington State Patrol and Stephan's and

Defendant Hull's motions for summary judgment.  Mr. Wall has since withdrawn

as counsel.  ECF Nos. 87, 88.

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~ 2

been dismissed.  *Id.*  Plaintiff has since filed a motion to reconsider this order, ECF No. 92, which motion the Court denied.  ECF No. 95

The instant motions can be summarized as follows[2]:

- Defendant Klewin moves for summary judgment, contending that any state law claims Plaintiff has alleged should be dismissed because Plaintiff has failed to file the requisite tort claims notice or otherwise establish any claim upon which relief can be granted.  ECF No. 103.

- Plaintiff moves for summary judgment in her favor; however, it is unclear on which claims and what basis she is seeking summary judgment.  ECF Nos. 93, 94, 96, 97.

- Plaintiff moves for the Court to reconsider its Order of Dismissal Without Prejudice, which dismissed the City of Ritzville for failure to timely serve.  ECF Nos. 93, 94, 96, 97, 101, 107.

- Plaintiff moves, once again, for this Court to reconsider its Order Granting Motions for Summary Judgment, which dismissed Defendants Washington State Patrol ("WSP"), Stephan, and Hull.  ECF Nos. 93, 94, 96, 97, 101, 107.

---

[2] Although Plaintiff's motions have been separately construed as motions for summary judgment, leave to amend, reconsideration, discovery, and miscellaneous relief, Plaintiff's filings frequently requests multiple forms of relief.  For example, Docket number 96 has been construed as a motion for summary judgment; however, Plaintiff also appears to be requesting that the Court grant her leave to amend to add parties and claims, reconsider its previous rulings, and compel discovery.  *See* ECF No. 96.  As Plaintiff is proceeding *pro se*, this Court has made every effort to address the variety of Plaintiff's requests.

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~ 3

- Plaintiff moves this Court to compel discovery.  ECF Nos. 94, 96, 97, 101, 104, 105, 106, 107, 113.

- Finally, Plaintiff has submitted multiple requests for leave to amend her Complaint to add several parties and causes of action.  ECF Nos. 94, 96, 97, 101, 114, 115.

This Court will first address Plaintiff's various requests for discovery.  This Court denies Plaintiff's requests because, even assuming the deadline for discovery had not passed, Plaintiff has failed to make the necessary showing for compelling production of this discovery.

Second, the Court will address the parties' motions for summary judgment. Because Plaintiff has failed to show that there exists a genuine issue of material fact in response to Klewin's motion or demonstrate that she is entitled to summary judgment on any claims, this Court grants Defendant Klewin's motion for summary judgment and denies Plaintiff's motions.

Third, this Court will address Plaintiff's requests for reconsideration. Because Plaintiff has, once again, failed to explain why reconsideration is warranted here, this Court denies Plaintiff's request.

Finally, this Court will address Plaintiff's requests to amend.  This Court also denies these requests because, even assuming the deadline to amend had not passed, Plaintiff has failed to demonstrate why granting leave to amend is appropriate here.

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~ 4

**FACTS**[3]

On September 6, 2011, Ritzville City Policy Department Officer Klewin responded to a call from dispatch requesting officer assistance at East Adams Rural Hospital in Ritzville, Washington.  ECF No. 103-3 at 1, 4-5.  As advised by dispatch, the hospital needed assistance with an individual detained for a mental health evaluation.  *Id.* at 5.  That individual was Plaintiff Heidi Hazelquist.[4]

---

[3] The following are the undisputed material facts unless otherwise noted.  For purposes of summary judgment, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed." Fed. R. Civ. P. 56(e)(2); *see also* L.R. 56.1(d) ("[T]he Court may assume that the facts as claimed by the moving party are admitted to exist without controversy except as and to the extent that such facts are controverted by the record set forth [in the non-moving party's opposing statement of facts]").

[4] In its Order Granting Motions for Summary Judgment, this Court detailed the other events underlying Plaintiff's Complaint, which relate to claims against Defendants Hull, Stephan, and WSP.  ECF No. 86.  In short, Plaintiff was pulled over and arrested for driving under the influence, subsequently released when it was determined she was not under the influence, transported to a nearby motel,

Responding to the call, Officer Klewin arrived at the hospital during the early hours of September 6, 2011.  ECF No. 103-3 at 5.  In his police report, he noted that Ms. Hazelquist appeared agitated, was pacing back and forth, and asking when she could leave.  *Id.*  It was Officer Klewin's understanding that Ms. Hazelquist was awaiting transport to another facility and could not leave the room in the interim.  *Id.*  With Officer Klewin present, Ms. Hazelquist exited the room or area where she was waiting.  ECF Nos. 9 at 5; 103-3 at 5.

The exact conduct that occurred next is in dispute.  Officer Klewin maintains that he grabbed Ms. Hazelquist's arm as she moved to leave, which caused her to fall on her back.  Ms. Hazelquist, kicking and flailing her arms, resisted Officer Klewin's attempts to restrain her and began screaming that she was being assaulted.  Officer Klewin ultimately handcuffed Ms. Hazelquist until staff restrained her to a hospital bed.  ECF No. 103-3 at 5.

---

later found on a highway overpass asserting that she was "not going to jump off," transported to a nearby hospital for a mental health evaluation, and involuntarily committed to a counseling center in Richland, Washington.  Officer Klewin's police report asserts that, at the time he was called to the hospital, he was familiar with Plaintiff's uncooperativeness during a DUI arrest and Plaintiff's apparent attempt to jump off an I-90 overpass.  ECF No. 103-3 at 5.

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~ 6

Ms. Hazelquist, on the other hand, asserts that she left the room to find dismissed-Defendant Hull, the counselor to whom she had been speaking. She made it as far as the hallway when Officer Klewin shoved her and pushed her to the ground. As a result, Ms. Hazelquist hit her head and scraped her legs. Sometime later, she voluntarily laid down on a gurney and was strapped down by two unidentified people. ECF No. 9 at 4.

Plaintiff was later transported to a counseling center in Richland, Washington.

On March 28, 2014, Plaintiff filed suit. Although far from clear, Plaintiff's Complaint can be construed as alleging the following causes of action against Officer Klewin: assault, false imprisonment, and a section 1983 claim for excessive force.[5] *See* ECF No. 9.

///

///

///

///

---

[5] This Court's Order Granting Motions for Summary Judgment discussed and dismissed Plaintiff's other claims against Defendants Hull, Stephan, and WSP. ECF No. 86.

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~ 7

**DISCUSSION**

**A. Motion for Discovery**

Plaintiff moves for the production of certain evidence, including the employment records of Defendant Stephan and the video recording from Officer Herrington's squad car.  ECF Nos. 94, 96, 97, 101, 104, 105, 107, 113.  Plaintiff also requests depositions of several individuals, including Sergeant Morehead, Carmen Herrington, and employees at East Adams Rural Hospital.  ECF Nos. 94, 96, 97, 104, 113.

Under the Federal Rules of Civil Procedure, a party has a duty to cooperate and comply with the discovery process.  Under Rule 26, the scope of discovery includes "any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  However, the Court may limit the extent or frequency of discovery in certain instances, including when the discovery is unreasonably cumulative or duplicative, a party has already had ample opportunity to obtain the discovery at issue, or the burden of the discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(2)(C).  Thus, the Court is vested with broad discretion to permit or deny discovery.  *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

Under Rule 37, a requesting party may move the court to compel disclosure or discovery if the opposing party fails to comply with the discovery request.  Fed.

R. Civ. P. 37(a).  The motion must include certification that the moving party "in good faith conferred or attempted to confer" with opposing counsel in an effort to obtain discovery before resorting to court action.  *Id*.

As an initial matter, the deadline for discovery in this matter has passed. Pursuant to the Scheduling Order, all discovery, including depositions, needed to be completed by August 10, 2015.  ECF No. 56 at 5.  In order to modify this scheduling order deadline, good cause must be shown.  Fed. R. Civ. P. 16(b)(4).

First, Plaintiff has failed to show good cause for extending the discovery deadline.  Plaintiff has repeatedly and prematurely requested that this Court order discovery—which includes some of the same discovery Plaintiff is still seeking. ECF Nos. 43, 47, 58.  Upon each request, this Court explained the discovery process.  *See* ECF Nos. 45, 54, 63.  Most importantly, the Court's most recent order on discovery—issued January 26, 2015, well before the discovery deadline— explained the procedure by which to obtain discovery from Defendants.  ECF No. 63 ("As detailed above, Plaintiff may request, with 'reasonable particularity,' nonprivileged and relevant items from Defendants in conformance with Rule 34's requirements and this Court's Scheduling Order.  Defendants will then have opportunity to respond or object to Plaintiff's requests.").  Plaintiff has failed to explain why she could not complete her discovery requests within the more than

six months between issuance of this explanatory order and the discovery deadline. Accordingly, this Court declines to extend the discovery deadline.

Second, even assuming Plaintiff demonstrated good cause to extend the discovery deadline, she has failed to show why this discovery is relevant to her claims. For instance, Plaintiff requests the employment records of Defendant Stephan. However, Defendant Stephan is no longer a defendant in this case and this Court has already denied Plaintiff's request to reconsider its past order and allow Plaintiff's claims against Defendant Stephan to proceed. Similarly, Plaintiff requests the video recording from Officer Herrington's squad car. However, it is unclear how this video is relevant to any claims against Defendant Klewin, against whom Plaintiff has alleged assault, false imprisonment, and excessive force.

Third, even assuming Plaintiff has demonstrated good cause to extend the discovery deadline and that the sought-after discovery is relevant to her claims, she has failed to demonstrate that Defendant Klewin is in possession of the discoverable items and refused to comply with Plaintiff's discovery requests, if even made.[6] Without the necessary certification that Plaintiff has attempted to

---

[6] Plaintiff's pleadings do state that she informally requested certain items from Carl Warring—the attorney who represented Defendants Stephan and WSP—over thirty days prior to September 11, 2015, and he refused. ECF No. 113. It is worth noting

confer in good faith with the non-producing party, this Court cannot compel the production of any evidence.

Accordingly, Plaintiff's various requests for discovery are denied.

**B. Motions for Summary Judgment**

Defendant Klewin moves for summary judgment, asserting that all claims against him should be dismissed.  ECF No. 103.  Specifically, Defendant Klewin moves for summary judgment on Plaintiff's assault claim because Plaintiff has failed to file the requisite tort claims notice before filing suit.  *Id.* at 4.  To the extent Plaintiff is asserting any other state law claims against Plaintiff, Defendant asserts they too fail for this same reason.  *Id.*

Plaintiff raises no specific argument in response but asks this Court to deny Defendant's motion.  ECF No. 107.  Plaintiff also moves for summary judgment in her favor but it is unclear upon which claims she is asserting judgment as a matter of law.  ECF Nos. 93, 94, 96, 97, 101, 104, 105, 107.

Summary judgment may be granted to a moving party who demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the

---

that Defendants Stephan, WSP, and Hull were dismissed in June 2015.  ECF No. 86.

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~ 11

1    initial burden of demonstrating the absence of any genuine issues of material fact.

2    *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the

3    non-moving party to identify specific facts showing there is a genuine issue of

4    material fact.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

5    "The mere existence of a scintilla of evidence in support of the plaintiff's position

6    will be insufficient; there must be evidence on which the [trier-of-fact] could

7    reasonably find for the plaintiff."  *Id.* at 252.

8           For purposes of summary judgment, a fact is "material" if it might affect the

9    outcome of the suit under the governing law.  *Id.* at 248.  A dispute concerning any

10   such fact is "genuine" only where the evidence is such that the trier-of-fact could

11   find in favor of the non-moving party.  *Id.*  "[A] party opposing a properly

12   supported motion for summary judgment may not rest upon the mere allegations or

13   denials of his pleading, but must set forth specific facts showing that there is a

14   genuine issue for trial."  *Id.* (internal quotation marks and alterations omitted); *see*

15   *also First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)

16   (holding that a party is only entitled to proceed to trial if it presents sufficient,

17   probative evidence supporting the claimed factual dispute, rather than resting on

18   mere allegations).  Moreover, "[c]onclusory, speculative testimony in affidavits

19   and moving papers is insufficient to raise genuine issues of fact and defeat

20   summary judgment."  *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th

Cir. 2007); *see also Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.").  In ruling upon a summary judgment motion, a court must construe the facts, as well as all rational inferences therefrom, in the light most favorable to the non-moving party, *Scott v. Harris*, 550 U.S. 372, 378 (2007), and only evidence which would be admissible at trial may be considered, *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).

    1. <u>Excessive Force</u>

  Based on this Court's liberal reading of Plaintiff's Complaint, this Court discerns one cause of action under 42 U.S.C. § 1983 against Defendant Klewin: unlawful seizure under the Fourth Amendment.[7]

  A cause of action pursuant to section 1983 may be maintained "against any person acting under color of law who deprives another 'of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 887 (9th Cir. 2003) (quoting 42 U.S.C.

---

[7] A complaint does not need to expressly invoke citation to section 1983 in order to state a claim. *Johnson v. City of Shelby*, 135 S.Ct. 346, 347 (2014) ("[N]o heightened pleading rule requires plaintiffs seeking damages for violations of constitutional rights to invoke § 1983 expressly in order to state a claim.").

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~ 13

§ 1983).  The rights guaranteed by section 1983 are "liberally and beneficently construed."  *Dennis v. Higgins*, 498 U.S. 439, 443 (1991) (quoting *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 684 (1978)).

Claims of excessive force under section 1983 are analyzed under the Fourth Amendment, which protects persons from unreasonable seizures.  *Graham v. Connor*, 490 U.S. 386, 394-95 (1989).  In evaluating a Fourth Amendment claim of excessive force under 42 U.S.C. § 1983, courts must determine "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them."  *Id.* at 397.

This inquiry "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake."  *Id.* at 396 (internal quotation marks and citation omitted).  Courts in the Ninth Circuit follow a three-step analysis when considering the reasonableness of an officer's use of force: First, the court assesses the severity of the intrusion on the individual's rights by evaluating the type and amount of force inflicted.  Second, the court evaluates the government interests at stake by assessing factors such as whether the suspect poses an immediate threat or whether the suspect is resisting or attempting to escape.  Third, the court balances the gravity of intrusion against the government's need for such an intrusion.  *Espinosa v. City & Cnty. of S.F.*, 598 F.3d 528, 537 (9th Cir. 2010).

1    The reasonableness analysis is not limited to these factors; rather, the court

2    "examine[s] the totality of the circumstances and consider[s] 'whatever specific

3    factors may be appropriate in a particular case, whether or not listed in *Graham*.'"

4    *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010) (citation omitted).  This

5    calculus must account for the fact that police officers are often "forced to make

6    split-second judgments—in circumstances that are tense, uncertain, and rapidly

7    evolving—about the amount of force that is necessary in a particular situation."

8    *Graham*, 490 U.S. at 396-97.  Consequently, the objective reasonableness of an

9    officer's use of force must be judged from the perspective of a reasonable officer

10   on the scene, "rather than with the 20/20 vision of hindsight."  *Id.* at 396 (citing

11   *Terry v. Ohio*, 392 U.S. 1, 20-22 (1968)).  At bottom, the question is whether the

12   officer's actions were objectively reasonable in light of the facts and circumstances

13   confronting him or her.  *Id.* at 397.

14   In the context of section 1983 claims, qualified immunity shields

15   government actors from civil damages unless their conduct violates "clearly

16   established statutory or constitutional rights of which a reasonable person would

17   have known."  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).  "Qualified

18   immunity balances two important interests—the need to hold public officials

19   accountable when they exercise power irresponsibly and the need to shield officials

20

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~ 15

from harassment, distraction, and liability when they perform their duties reasonably." *Id.*

In evaluating a state actor's assertion of qualified immunity, a court must determine (1) whether the facts, viewed in the light most favorable to the plaintiff, show that the defendant's conduct violated a constitutional right; and (2) whether the right was clearly established at the time of the alleged violation such that a reasonable person in the defendant's position would have understood that his actions violated that right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part by Pearson*, 555 U.S. 223. A court may, within its discretion, decide which of the two prongs should be addressed first in light of the particular circumstances of the case. *Pearson*, 555 U.S. at 236. If the answer to either inquiry is "no," then the defendant is entitled to qualified immunity and may not be held personally liable for his or her conduct. *Glenn v. Wash. Cnty.*, 673 F.3d 864, 870 (9th Cir. 2011).

Viewing the facts in the light most favorable to Plaintiff, this Court finds there is no genuine issue of fact that Defendant Klewin used a constitutionally reasonable level of force when restraining Plaintiff.

First, this Court finds the severity of the alleged intrusion to be minimal. "Rather than relying on broad characterizations, we must evaluate the nature of the specific force employed in a specific factual situation." *Bryan*, 630 F.3d 805 at

825.  Plaintiff alleges that, as she left the hospital room, Defendant Klewin shoved her to the ground, causing her to hit her head and scrape her legs.  Beyond these bare allegations, she fails to show any support for the alleged injuries caused by Defendant Klewin's efforts to restrain her.  *See Fontana v. Haskin*, 262 F.3d 871, 880 (9th Cir. 2001) ("[N]ot every . . . bodily intrusion . . . is actionable as a violation of the Fourth Amendment.  Some bodily intrusions may be provably accidental or *de minimis* and thus constitutionally reasonable.").  Even taking Plaintiff's unsupported allegations as true, this Court finds the level of intrusion on Plaintiff's person was minimal and that there is no genuine issue of fact that a reasonable level of force was used.  *See Luchtel v. Hagemann*, 623 F.3d 975, 982 (9th Cir. 2010) (holding that officers used a reasonable level of force when using their bodies and handcuffs to restrain an actively-resisting plaintiff for a mental health evaluation).

Second, looking at the undisputed facts, the governmental interests at stake justified the minimum level of force used.  Officer Klewin arrived at the hospital to help keep Plaintiff detained for mental health treatment.  As this Court previously found in its Order Granting Motions for Summary Judgment, Plaintiff was transported to the hospital for a mental health evaluation after she was found on an I-90 overpass.  ECF No. 86 at 4-5.  Although Plaintiff adamantly disputes that she intended to jump or said anything to that effect, her pleadings conceded that she

*presented* herself as someone that was contemplating jumping.  ECF Nos. 77 at 3, 5; 82 at 3; *see* ECF No. 9 at 3 ("I knew if I stood on the over pass, eventually the police would come to prevent a person from jumping.").  As a result, law enforcement requested that the hospital perform a mental health evaluation.  The hospital, in turn, requested the help of law enforcement to prevent Plaintiff from leaving while she awaited transport to a mental health facility in Richland.  When Officer Klewin made contact with Plaintiff's person to prevent her from leaving, he was helping to ensure that Plaintiff's mental health could be assessed and, if necessary, treated.  Given the important governmental interest in ensuring that Plaintiff obtained any necessary treatment so as not to pose a risk to herself or others, the minimal intrusion Plaintiff suffered when Officer Klewin physically restrained her was constitutionally reasonable.  Officer Klewin did not use a taser, a baton, pepper spray, a firearm, nor is it contended that he gratuitously inflicted pain with pressure holds, kicks or punches.  *See Luchtel*, 623 F.3d at 982.

Thus, given the totality of the circumstances, this Court finds that no reasonable jury could find the level of force used by Officer Klewin to restrain Plaintiff from leaving was constitutionally excessive.  *See id.* at 982-83 (holding, given the totality of the circumstances, that there was no genuine issue of fact that officers used a reasonable level of force when restraining a mental health patient).

1    Alternatively, even if the degree of forced used to restrain Plaintiff was

2 excessive, Defendant Klewin is entitled to qualified immunity.  Plaintiff has not

3 shown that the use of Defendant Klewin's body and handcuffs in the manner

4 deployed violated a clearly established constitutional right, and a reasonable officer

5 in the shoes of Defendant Klewin could properly believe that the use of force

6 employed would not violate a clearly established constitutional right.  *Id.* at 983.

7    Accordingly, summary judgment in favor of Defendant Klewin on this claim

8 is appropriate.  To the extent Plaintiff has moved for summary judgment on this

9 claim, her motions are denied.

10    2.  State Law Claims

11    This Court liberally construes Plaintiff's Complaint as alleging two state law

12 claims against Defendant Klewin: assault and false imprisonment.

13    Before commencing suit against a governmental entity in Washington, a

14 plaintiff is required to file a standard tort claim notice with the appropriate entity.

15 For suing a local governmental entity, a party must file a claim for damages with

16 the entity before commencing a tort action.  RCW 4.96.020.  This provision applies

17 to claims against the local entity itself, as well as its officers, employees, or

18 volunteers.  RCW 4.96.020(1).  RCW 4.96.020 sets forth the minimum information

19 a standard tort claim form must contain.  Under the statute's provisions, the

20 plaintiff must then wait sixty calendar days before commencing suit.  RCW

4.96.020(4). "The purpose of claim filing statutes is to 'allow government entities time to investigate, evaluate, and settle claims.'" *Lee v. Metro. Parks Tacoma*, 183 Wash.App. 961, 968 (2014). Substantial compliance with the relevant claim filing statute—meaning that the "statute has been followed sufficiently so as to carry out the intent for which the statute was adopted"—is sufficient. *Id.* at 967-68. However, failure to comply with the statute is grounds for dismissal. *Mercer v. State*, 48 Wash.App. 496, 498 (1987) ("The procedures of this statute are mandatory, and compliance is a condition precedent to recovery.").

Here, Plaintiff has failed to comply with Washington's claim filing statute. In response to Defendant Klewin's assertion that Plaintiff has failed to comply with the relevant statutory provisions, Plaintiff has not presented any evidence that she has filed the requisite notice, let alone that she substantially complied with the statute's provisions. At oral argument, Plaintiff admitted her failure to file the necessary tort claim form. Accordingly, Plaintiff's state law claims are dismissed.

Alternatively, even assuming Plaintiff had filed the proper form and substantially complied with the statute's content requirements, her false imprisonment and assault claims are barred by the applicable statute of limitations. In Washington, state law claims for assault and false imprisonment are subject to a

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~ 20

two-year statute of limitations.[8]  *See* RCW 4.16.100(1); *see Southwick v. Seattle Police Officer John Does 1-5*, 145 Wash.App. 292, 297 (2008).  Because the events in question occurred in September 2011 and Plaintiff filed her Complaint in March 2014, her claims are barred.[9]  Accordingly, Defendant Klewin is entitled to summary judgment on Plaintiff's state law claims.  To the extent Plaintiff has moved for summary judgment on any of her state law claims, her motions are denied.

      3.  Conclusion

      In sum, this Court grants summary judgment in favor of Klewin on all claims in Plaintiff's Complaint.  This Court acknowledges Plaintiff's *pro se* status and the difficulties her disability has presented in pursuing her claims.  In light of these limitations, this Court has liberally construed Plaintiff's pleadings throughout these proceedings.

---

[8] Conversely, the limitations period for a section 1983 claim in Washington is three years.  *Robinson v. City of Seattle*, 119 Wash.2d 34, 85-86 (1992).

[9] In earlier pleadings filed in response to the other Defendants' motions for summary judgment, Plaintiff conceded that her claims for false imprisonment and defamation are barred by the applicable statute of limitations.  ECF Nos. 76 at 1; 83 at 1.

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~ 21

Nonetheless, the legal standard for summary judgment requires that a person moving for summary judgment or opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 248; *see also Soremekun*, 509 F.3d at 984 ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment."); *FTC v. Publ'g Clearing House*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.").

Plaintiff has failed to file necessary probative evidence to demonstrate that she is entitled to relief or that her claims should proceed to trial; instead, she has repeatedly rested upon her own allegations and conclusory testimony in her declarations.  Accordingly, based on the evidence presented, this Court finds Defendant Klewin is entitled to summary judgment on all claims against him.

## C. Motion for Reconsideration

Plaintiff moves this Court to reconsider its previous dismissals of Defendants City of Ritzville, Hull, Stephan, and WSP. ECF Nos. 93, 94, 96, 97, 101, 107.  In support of her motion to reconsider the Court's Order dismissing City of Ritzville for failure to timely serve, Plaintiff contends that she thought the City

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~ 22

was served when she served Defendant Klewin, an officer for the Ritzville City Police Department.  Plaintiff also asserts that her disability has interfered with her ability to comply with the necessary deadlines.  In support of her motion to reconsider the Court's Order granting summary judgment in favor of Defendants Hull, Stephan, and WSP, Plaintiff generally rehashes allegations already submitted to this Court and submits exhibits, without explanation, to demonstrate that the Court's previous rulings were in err.

Federal Rule of Civil Procedure 54(b) governs reconsideration of a non-final order.  An order that resolves fewer than all the claims among the parties—that is, a non-final order—"may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b); *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005).  Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter, or revoke its order."  *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000); *Ball v. Local 148 of Int'l Union*, 238 F.3d 427, 427 (9th Cir. 2000) (unpublished) ("Because the partial summary judgment was not a final judgment, it was subject to review at any time, and the district court did not abuse its discretion by granting reconsideration.").

As cautioned in this Court's December 12, 2014, Scheduling Order, "Motions to Reconsider are disfavored" and "must show manifest error in the prior

1    ruling or reveal new facts or legal authority which could not have been brought to

2    the Court's attention earlier."  ECF No. 56 at 9.

3        Regarding this Court's dismissal of the City of Ritzville, this Court does not

4    find reconsideration is warranted.  This Court, twice, expressly cautioned Plaintiff

5    that the City of Ritzville would be dismissed without proper service.  *See* ECF

6    Nos. 11, 23.  Despite these warnings, Plaintiff failed to complete the necessary

7    service forms to effectuate service on City of Ritzville pursuant to Federal Rule of

8    Civil Procedure 4(m), which states that a plaintiff must serve a defendant within

9    120 days after the complaint is filed or suffer dismissal.  As a result, this Court—

10   after giving Plaintiff nearly one year to comply with Rule 4—dismissed City of

11   Ritzville without prejudice.  ECF No. 85.  Although this Court recognizes the

12   limitations Plaintiff suffers as a result of her disability, she has failed to explain

13   why this Court's dismissal merits reconsideration.

14       Regarding this Court's Order granting summary judgment to Defendants

15   Hull, Stephan, and WSP, Plaintiff has again failed to show manifest error, present

16   new facts or law that could not have been brought to this Court's attention earlier,

17   or otherwise demonstrate any cause for this Court to exercise its inherent power to

18   modify its past non-final order.  Plaintiff merely rehashes allegations already

19   presented to this Court, such as the allegations that Pat Hull was unlicensed and

20   falsified documents, that Defendant Stephan did not have probable cause to

1    conduct a traffic stop and arrest her, that Plaintiff was not attempting to jump off

2    the overpass, or other allegations that are not material to the claims in her

3    Complaint.  Accordingly, Plaintiff's requests for reconsideration are denied.

4      **D. Motion to Amend**

5        Finally, Plaintiff moves to amend her Complaint and add several parties and

6    claims.  ECF Nos. 94, 96, 97, 101, 104, 105, 106, 114, 115.  Plaintiff does not

7    provide argument as to why this Court should grant her untimely motions.

8        Plaintiff's several motions to amend involve the applicability of Rules 15

9    and 16 of the Federal Rules of Civil Procedure.  Rule 15(a) provides that, except in

10   circumstances not present here, "a party may amend its pleading only with the

11   opposing party's written consent or the court's leave," which "[t]he court should

12   freely give . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Rule 16(b), on

13   the other hand, provides that "[a] schedule [pursuant to a Rule 16(b)(1) scheduling

14   order] may be modified only for good cause and with the judge's consent."  Fed.

15   R. Civ. P. 16(b)(4).

16       When deciding a motion for leave to amend that arises after a scheduling

17   order deadline has expired, the Court must first address Rule 16.  *Coleman v.*

18   *Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).  To satisfy the legal

19   standard under Rule 16(b), a plaintiff must show "good cause" for failure to amend

20   before the time specified in the scheduling order.  *Id.*  When determining whether a

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~ 25

plaintiff has demonstrated good cause, the court "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16 advisory committee's notes). However, "[i]f that party was not diligent, the inquiry should end." *Id.* The district court, in supervising the pretrial phase of litigation and deciding the preclusive effect of a pretrial order, has "broad discretion." *C.F. ex rel. Farnan v. Capistrano Unified School Dist.*, 654 F.3d 975, 984 (9th Cir. 2011).

If the party shows good cause, the court must then consider whether amendment is proper under Rule 15. *Johnson*, 975 F.2d at 608. Under Rule 15(a), leave to amend a pleading before trial should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has directed that this policy be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). In ruling upon a motion for leave to amend, a court must consider (1) whether the moving party acted in bad faith or unduly delayed in seeking amendment, (2) whether the opposing party would be prejudiced, (3) whether an amendment would be futile, and (4) whether the movant previously amended the pleading. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). "Absent prejudice, or a strong

1  showing of any of the remaining [factors], there exists a *presumption* under Rule

2  15(a) in favor of granting leave to amend." *Farnan*, 654 F.3d at 985 (quoting

3  *Eminence Capital*, 316 F.3d at 1051).

4        Here, this Court finds Plaintiff has failed to demonstrate good cause under

5  Rule 16(b) to justify amendment.  As a threshold matter, this Court finds that

6  Plaintiff has not been diligent.  The deadline to amend pleadings or add parties was

7  March 2, 2015.  ECF No. 56 at 3.  Plaintiff has repeatedly moved for leave to file

8  an amended complaint, which motions this Court has granted; however, Plaintiff

9  has either withdrawn her motions or failed to file an amended complaint when

10  prompted.  *See* ECF Nos. 17 (motion to amend), 20 (order granting plaintiff's

11  motion to amend), 21 (motion to amend), 22 (motion to withdraw amended

12  complaint, asserting that the original complaint would suffice), 23 (order granting

13  motion to withdraw), 44 (motion to amend), 45 (order granting motion to amend).

14  Even considering that Plaintiff is proceeding *pro se*, she has provided no

15  explanation why she has repeatedly failed to file an amended complaint, despite

16  this Court's permission to file, nor why she was unable to meet the March 2, 2015,

17  deadline.  Moreover, this Court has already denied one motion to amend that

18  Plaintiff filed after the scheduling order deadline.  ECF No. 95.

19        Even if this Court were to determine that Plaintiff demonstrated good cause,

20  this Court finds amendment is not proper under Rule 15, despite its liberal

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~ 27

standards.  Although there is no indication that Plaintiff has moved to amend in

bad faith, the following factors strongly weigh against amendment.  First, Plaintiff

has previously moved to amend four times: three times were granted, one—raised

after the scheduling order deadline—was denied.  Although she never actually

filed an amended complaint, this factor weighs against granting amendment now.

Second, Plaintiff's proposed amendment is unduly delayed.  As stated above, the

deadline to amend pleadings was in March 2015—over six months ago—and all

defendants have moved for, and been granted, summary judgment.  Plaintiff has

provided no explanation as to why she could not have presented the proposed

claims and added the proposed parties at an earlier date.  Third, many of Plaintiff's

proposed amendments would be futile as the applicable statute of limitation has

passed.  Fourth, allowing amendment would severely prejudice Defendants, who

have now all been dismissed from this case.  Finally, amendment is inappropriate

considering the late stage of the proceedings—the deadlines for discovery and

dispositive motion practice have passed.  Taken as a whole, the factors weigh

strongly against amendment.  Accordingly, Plaintiff's requests to amend are

denied.

### E.  Revocation of *In Forma Pauperis* Status

This Court granted Plaintiff *in forma pauperis* status in March 2014, finding

that Plaintiff lacked sufficient funds to prosecute this action.  ECF No. 8.

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one, and good faith is demonstrated when an individual "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

This Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Accordingly, the Court hereby revokes Plaintiff's *in forma pauperis* status.

**IT IS ORDERED:**

1. Plaintiff's Motions for Summary Judgment (ECF Nos. 93, 96) are **DENIED**, as well as the portions of any other pleading seeking such relief.

2. Plaintiff's Motion for Reconsideration (ECF No. 101) is **DENIED**, as well as the portions of any other pleading seeking such relief.

3. Defendant Klewin's Motion for Summary Judgment (ECF No. 103) is **GRANTED**.

4. Plaintiff's Motions to Amend (ECF Nos. 104, 106, 114, 115) are **DENIED**, as well as the portions of any other pleading seeking such relief.

5. Plaintiff's Motion for Miscellaneous Relief (ECF No. 105) is **DENIED**.

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~ 29

1    6.  Plaintiff's Motion to Compel (ECF No. 113) is **DENIED**, as well as the

2  portions of any other pleading seeking such relief.

3    7.  Plaintiff's *in forma pauperis* status is **REVOKED.**

4    The District Court Executive is directed to enter this Order, provide copies

5  to the parties, enter final **JUDGMENT** for Defendants, and **CLOSE** the file.

6    **DATED October 5, 2015**.

7

8                    THOMAS O. RICE
                United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~ 30