UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HEIDI HAZELQUIST,<br><br>                    Plaintiff,<br><br>  v.<br><br>OFFICER KLEWIN,<br><br>                    Defendant. | NO: 2:14-CV-0073-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Plaintiff's Motion for Reconsideration (ECF No. 122). This matter was submitted for consideration without oral argument. Although a hearing is set for October 14, 2015, this Court finds no reason to delay its order. The Court—having reviewed the briefing, the record, and files therein—is fully informed.

///

///

///

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 1

# BACKGROUND

Plaintiff, proceeding *pro se*, filed her Complaint in this action on March 28, 2014. In her Complaint, Plaintiff asserts that, after a traffic stop, she was, *inter alia*, unlawfully arrested, assaulted, and involuntarily committed to a mental health facility. ECF No. 9.

On May 27, 2015, this Court dismissed Defendant City of Ritzville without prejudice for failure to timely serve. ECF No. 85. On June 19, 2015, this Court granted Defendants Washington State Patrol and Dustin Stephan's and Defendant Patricia Hull's motions for summary judgment, dismissing all claims against these Defendants. ECF No. 86. On October 5, 2015, this Court granted Defendant Klewin's motion for summary judgment, dismissing all claims against him and entering final judgment for all Defendants. ECF No. 120.

In the instant motion, Plaintiff, once again, asks this Court to reconsider its past rulings. ECF No. 122.

# DISCUSSION

**A. Motion for Reconsideration**

A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "A district court may properly reconsider its decision if it '(1) is presented

with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *School Dist. No. 1J*, 5 F.3d at 1263). "There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J*, 5 F.3d at 1263.

Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). Reconsideration is properly denied when the movant "present[s] no arguments . . . that had not already been raised" previously. *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989); *see also City of Fresno v. United States*, 709 F.Supp.2d 888, 916 (E.D. Cal. 2010) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.").

As cautioned in this Court's Scheduling Order of December 12, 2014, "Motions to Reconsider are disfavored" and "must show manifest error in the prior ruling or reveal new facts or legal authority which could not have been brought to the Court's attention earlier." ECF No. 56 at 9.

This Court finds reconsideration is not warranted. Plaintiff rehashes the same argument and allegations she has asserted in almost every pleading before

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 3

this Court. Although she believes this Court's rulings are "uninformed," she has failed to show manifest error, present new facts or law that could not have been brought to this Court's attention earlier, or otherwise demonstrate any reason that justifies reconsideration. This Court understands Plaintiff's frustrations and the difficulties her disability has presented throughout these proceedings. Nonetheless, based on the facts presented and the law at issue, this Court cannot grant Plaintiff the relief she seeks. Accordingly, Plaintiff's third motion for reconsideration is **DENIED**; this Court's previous orders stand.

**B. Appeal**

Plaintiff's motion asks the Court to forward her documents to the Ninth Circuit Court of Appeals if she has exhausted all options with this Court. ECF No. 122 at 5.

The court of appeals has jurisdiction over final decisions of the district court. 28 U.S.C. § 1291. A party may bring an appeal within thirty days after the district court's entry of a judgment, order, or decree. *Id.* § 2107(a). The Ninth Circuit Federal Rules of Appellate Procedure, which can be found on the Court of Appeals website,[1] govern the procedure for appellate practice before the Ninth Circuit Court of Appeals.

---

[1] http://cdn.ca9.uscourts.gov/datastore/uploads/rules/frap.pdf.

If Plaintiff wishes to pursue an appeal of this Court's entry of final judgment, that is her right; however, it is her task to undertake. This Court does not file appeals on behalf of any party. Pursuant to the Federal Rules of Appellate Procedure, a notice of appeal must be filed within thirty days after entry of this order. *See* Fed. R. App. P 4(a). Accordingly, Plaintiff's request is **DENIED**.

**IT IS ORDERED:**

Plaintiff's Motion for Reconsideration (ECF No. 122) is **DENIED**.

The District Court Executive is directed to enter this Order and provide copies to the parties. The file shall remain **CLOSED**.

**DATED** October 8, 2015.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 5