UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HEIDI HAZELQUIST,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF RITZVILLE, OFFICER STEPHAN, OFFICER KLEWIN, PAT HULL, and WASHINGTON STATE PATROL,<br><br>        Defendants. | NO. 2:14-CV-0073-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRO BONO COUNSEL AND MOTION FOR NEW TRIAL |

BEFORE THE COURT are Plaintiff's Motion for Pro Bono Counsel (ECF No. 140) and Motion for New Trial, reinstatement of *in forma pauperis* status, add new defendants, and a new judge (ECF Nos. 141, 142, 143). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files therein, and is fully informed. For the reasons discussed below, the Court **DENIES** Plaintiff's Motions.

## BACKGROUND

Plaintiff, proceeding *pro se*, filed her Complaint in this action on March 28, 2014. ECF No. 9. In her Complaint, Plaintiff asserted that, after a traffic stop, she was unlawfully arrested, assaulted, and involuntarily committed to a mental health facility. *Id.* On May 27, 2015, the Court dismissed Defendant City of Ritzville without prejudice for failure to timely serve. ECF No. 85. On June 19, 2015, the Court granted Defendants Washington State Patrol, Dustin Stephan, and Defendant Patricia Hull's Motions for Summary Judgment, dismissing all claims against these three Defendants. ECF No. 86. On October 5, 2015, the Court granted Defendant Klewin's Motion for Summary Judgment, dismissing all claims against him and entering final judgment for all Defendants. ECF No. 120. On October 8, 2015, the Court denied Plaintiff's third motion for reconsideration. ECF No. 23. On August 15, 2017, the Ninth Circuit affirmed this Court's decisions. ECF No. 136. The Mandate from the Circuit was filed on September 21, 2017. ECF No. 138.

In the instant motions, Plaintiff requests the Court appoint *pro bono* counsel (ECF No. 140) and seeks a new trial, reinstatement of *in forma pauperis* status, add new defendants, and a new judge (ECF Nos. 141, 142, 143).

## DISCUSSION

A motion for a new trial "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b). Here, Judgment was entered on October 5,

2015. ECF No. 121. Plaintiff did not file her Motion for New Trial until nearly two years later, September 27, 2017, thereby far exceeding the 28 day limit. ECF No. 141. While Plaintiff cites to Federal Rule of Civil Procedure 50 as the authority for her request for a new trial, Rule 50 is clearly inapplicable. Even so, Rule 50 requires new trial motions to be filed under Rule 59.

However, this case was resolved on motions to dismiss and for summary judgment, no trial was held. Even if the Court liberally construes Plaintiff's motion as seeking relief from judgment under Fed. R. Civ. P. 60, it is untimely. Relief there must be sought within a reasonable time and for mistake, fraud, or newly discovered evidence, within one year after entry of judgment. Moreover, no justifiable grounds for granting a new trial or relief from judgment have been articulated or shown. Accordingly, the Court finds that Plaintiff's untimely and unsubstantiated Motion for New Trial is denied.

The Court need not address Plaintiff's Motion for Pro Bono Counsel, or request for reinstatement of *in forma pauperis* status, to add new defendants, and a new judge. These motions are all now moot as the Court denies Plaintiff's Motion for New Trial.

//

//

//

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Motion for New Trial (ECF No. 141) and Motion for Pro Bono Counsel (ECF No. 140) are **DENIED**.

Plaintiff's *in forma pauperis* status remains **REVOKED**.

**NO FURTHER PLEADINGS WILL BE ACCEPTED IN THIS CLOSED CASE.**

The District Court Executive is directed to enter this Order and furnish copies to Plaintiff. The file remains **CLOSED**.

**DATED** October 27, 2017.



THOMAS O. RICE
Chief United States District Judge